IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTGENE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED BIOLOGICAL LABORATORIES, SA <br><br> Defendant. | Civil Action No. 1:08-cv-00642-JR |

### CERTIFICATE OF SERVICE

      I hereby certify that my office sent an original Summons as issued by the Clerk of this Court to Delaware Attorney Services and that said original Summons along with a copy of the First Amended Complaint for Declaratory Judgment was served upon the following on the 4th of August, 2008 as indicated in the attached Affidavit of Process Server:

    Advanced Biological Laboratories, SA
    c/o TherapyEdge, Inc.
    The Corporation Trust Company, Registered Agent
    1209 Orange Street - Corporation Trust Center
    Wilmington, Delaware 19801


Dated: August 22, 2008

                                Respectfully submitted,

                                _____/s/_____
                                Wyatt B. Durrette, Jr. (D.C. Bar No.411328)
                                Christine A. Williams (VSB No. 47074)
                                DurretteBradshaw PLC
                                600 East Main Street, 20th Floor
                                Richmond, Virginia 23219
                                (804) 775-6900 phone
                                (804) 775-6911 fax
                                wdurrette@durrettebradshaw.com
                                cwilliams@durrettebradshaw.com

Of Counsel:

Dale Curtis Hogue, Sr. (D.C. Bar No.169326)
44 Wexford on the Green
Hilton Head Island, South Carolina 29928
(843) 341-3127 (phone)
(843) 341-3932 (fax)

Richard L. Coffman (TX Bar No. 04497460)
The Coffman Law Firm
1240 Orleans Street
Suite 200
Beaumont, Texas 77701
(409) 832-4767 (phone)
(866) 835-8250 (fax)

James R. Creekmore (VSB No. 36246)
THE CREEKMORE LAW FIRM PC
52 Pondview Court
Daleville, Virginia 24083
(540) 966-2504 (phone)
(540) 966-2504 (fax)

Katherine Ford Horvath (CA Bar No.213098)
Berkeley Law and Technology Group, LLP
17933 Evergreen Parkway, Suite 250
Beaverton, Oregon 97006
(503) 439-6500 (phone)
(503) 439-6558 (fax)

ATTORNEYS FOR THE PLAINTIFF




# UNITED STATES DISTRICT COURT
## District of Columbia

SMARTGENE, INC.,
      Plaintiff,
      V.
ADVANCED BIOLOGICAL
LABORATORIES, SA,
      Defendant.

SUMMONS IN A CIVIL CASE

CASE NUMBER:   1:08CV00642-JR

TO: (Name and address of Defendant)

Advanced Biological Laboratories, SA
c/o TherapyEdge, Inc.
The Corporation Trust Company, Registered Agent
1209 Orange Street -- Corporation Trust Center
Wilmington, Delaware   19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Wyatt B. Durrette, Jr., Esquire
DurretteBradshaw PLC
600 East Main Street, 20th Floor
Richmond, Virginia   23219

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 8/4/2008 | Time: 1:45 PM  Place: Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| TherapyEdge, Inc. on behalf of Advanced Biological Laboratories, SA | Accepted by Scott LaScala, Managing Agent |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel Newcomb | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   8/5/2008
DATE

SIGNATURE OF SERVER

Delaware Attorney Services - 2000 Pennsylvania Ave.
ADDRESS OF SERVER

# 207, Wilmington, DE 19806  302-429-0657

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# AFFIDAVIT OF PROCESS SERVER

In The United States District Court for the District of Columbia

Smartgene, Inc.  
Plaintff(s)  
v  
Advanced Biological Laboratories, SA  
Defendant(s)

Case No: 1:08CV00642-JR

I declare that I am a citizen of the United States, over the age of eighteen and not a party to this action. And that within the boundaries of the state where service was effected, I was authorized to perform said service

**Service:** I served TherapyEdge, Inc., on behalf of Advanced Biological Laboratories, SA

With the documents: Summons; Complaint and Exhibits

Person Served: Scott LaScala, Managing Agent duly authorized to accept service

Service Address: The Corporation Trust Company, Registered Agent, 1209 N. Orange St., Wilmington, Delaware 19801

Date of Service: August 4, 2008   Time of Service: 1:45 p.m.

**Manner of Service:** (X) By personally delivering copies to the person/authorized agent of entity being served.
( ) By leaving, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof
( ) By leaving copies at the dwelling house or usual place of abode of the person being served, with a member of the household 18 or older and explaining the general nature of the papers.
( ) By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

( ) Unknown at address    ( ) Evading              ( ) Moved, left no forwarding  ( ) Other
( ) Address does not exist ( ) Service canceled by Litigant ( ) Unable to serve in a timely fashion

**Description:** Age: 40's  Sex: M  Race: W  Hgt: 5'10"  Wgt: 170  Hair: Brown  Glasses: No

I declare under penalty of perjury that the information contained herein is true and correct and this affidavit was executed on:

August 5, 2008         at   Wilmington,    Delaware
Date                        City            State

_____  
Daniel Newcomb, Process Server  
Delaware Attorney Services  
2000 Pennsylvania Avenue, Suite 207  
Wilmington, Delaware  19806

State of Delaware  
County of New Castle

Subscribed and Sworn before me a Notary Public of the State of Delaware on August 5, 2008

Witness My Hand and Official Seal To

_____  
Kimberly J. Ryan, My Commission Expires 6/15/12  
Notary Public, State of Delaware

KIMBERLY J. RYAN  
NOTARY PUBLIC-DELAWARE  
My Commission Expires June 15, 2012